ISENBURGER v. ROXBURY DISTILLING CO.

(Circuit Court, E. D. New York. May 20, 1908.)

1. ATTACHMENT—BOND—ADDITIONAL SECURITY.

Where, in an action against a foreign corporation for damages amounting to $9,240, with interest from November 22, 1907, certain certificates representing whisky of the estimated value of $175,000, together with $925.84 in cash and bonds of the par value of $140,000, subject only to a debt of $100,000, were attached, and a bond given in the sum of $250, plaintiff should be required to give additional security not only because of the serious consequences of tying up such an amount of property, but in anticipation of the amount of litigation and the expenses consequent on the trial of the issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Attachment, § 382.]

2. PLEADING—COMPLAINT—MOTION TO MAKE SPECIFIC.

Where a complaint in attachment was uncertain as to whether it was based on certain notes or was to recover damages for fraud with reference to collateral security, and was not specific as to the particular warehouse receipts intended to be referred to in certain paragraphs, defendant was entitled to have the complaint made more definite and certain in those respects.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1174.]

Maurice D. Abrams, for plaintiff.
King & Booth, for defendant.

CHATFIELD, District Judge. There are two motions before the court: One on the part of the defendant to compel the plaintiff to give additional security upon an attachment of certain warehouse certificates, which attachment was obtained on the ground that the defendant is a foreign corporation; and the other, a motion on behalf of the defendant to compel the plaintiff to make its complaint more

definite and certain, in certain respects which will be referred to later.

As to the first motion, it need only be said that the complaint in this suit is based upon certain claims for damages, amounting to $9,-240, with interest from November 22, 1907, and the property attached consists of certificates, representing whisky of the estimated value of $175,000 or over, together with some $925.84 in cash, and also certain bonds of the par value of $140,000, making a total of over $315,000. The certificates attached have been pledged to secure a loan for the sum of $100,000, which loan will mature in the month of June, 1908, and the attachment has been levied upon the equity of this property over the amount of said loan. The value of the property attached being apparently so greatly in excess of the amount of the claim in this suit, it would appear that it should not be difficult to bond the attachment in the suit at bar, or to arrange for setting aside a sufficient number of the receipts to amply guarantee this claim, and thus to secure the release of the balance of the certificates and bonds; but this is a matter that cannot be determined upon this motion, and will, to a certain extent, depend upon the arrangements which can be made with reference to the loan maturing in June of this year.

As the matter stands at the present time, the plaintiff should be required to give further security upon the attachment, not only on account of the serious consequences of tying up such an amount of property, but in anticipation of the amount of litigation and the expenses consequent upon the trial of the issue in the present action; but it is impossible to determine this question at present. The defendant may later make such motion as it may be advised, either for the release of the property attached, to the extent to which it exceeds reasonable security for the claim in suit, or for a release of the entire property upon the giving of a bond to take the place of the things attached, and the question of additional security will be considered then.

As to the second motion, to make the complaint more definite and certain, the defendant asks for three specific things: First, in effect, that the complaint be so amended as to specifically indicate the manner in which the action sounds in tort, if the plaintiff alleges fraud; second, that the plaintiff indicate which of the 28 receipts mentioned in paragraph 3 of the complaint are referred to with respect to the fraudulent acts alleged; and, third, that the plaintiff specify whether the 3 receipts designated in paragraph 2 of the complaint are a part of the 28 warehouse receipts mentioned in paragraph 3, whether they are the same ones referred to in paragraph 8, and whether they are the same ones as to which fraudulent acts are alleged.

This motion, on all three grounds, should be granted. It may be spelled out from the complaint that the action sounds in tort. In fact, the papers upon the attachment proceedings indicate that the complaint is based upon a charge of fraud; but the allegation of damage apparently depends upon the fact that certain promissory notes, with reference to which the fraud is alleged, were not paid, and the plaintiff should make it clear whether he is suing for the recovery of the amount loaned on the promissory notes, or whether he is suing for

the injury done him by the alleged fraud with reference to some portion of the receipts transferred as collateral for these notes.

As to the other grounds of the motion, it is apparent from the face of the complaint that the allegations are not specific, and that these motions should be granted, so that the issue may be clearly raised by an answer.

The time of the defendant may be extended until 20 days after service of the amended complaint herein.